IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:             )
                             )
RICHARD ALLEN MAGNI, SR., and   )
TAMMY LYNN MAGNI,         )      CASE NO. BK10-83270-TLS
                             )
            Debtor(s).     )        CHAPTER 13

ORDER

Hearing was held on December 6, 2010, on the debtors' motion to extend the automatic stay (Fil. No. 3) and objections by U.S. Bank, N.A. (Fil. No. 12) and Madhu Joshi (Fil. No. 17). Trinh P. Tran appeared for the debtors, Paul LaPuzza appeared for U.S. Bank, N.A., and Angela Burmeister appeared for Madhu Joshi.

The motion is deferred.

This is the debtors' second recent Chapter 13 case. They previously filed a case on April 27, 2009, which was dismissed in September 2010 for failure to make plan payments. They filed the present case on November 9, 2010. The debtors are seeking to have the automatic stay, which by virtue of 11 U.S.C. § 362(c)(3)(A) would expire 30 days after the petition date, extended for the duration of this case. The stay would terminate only as to actions against the debtor or property of the debtor that is not property of the bankruptcy estate; the stay would continue to apply to actions against property of the estate. 3 Collier on Bankruptcy ¶ 362.06[3][a]; In re Levens, Case No 07-40052-JWV-13, 2007 WL 609844, at *3 n.2 (Bankr. W.D. Mo. Feb. 23, 2007).

Two creditors have objected to the request, although U.S. Bank essentially withdrew its objection at the hearing. The other creditor's claim is based on a breach of contract claim arising during the pendency of the previous Chapter 13 case. That creditor filed a state court lawsuit for damages in January 2010 which was stayed by the filing of the present case, and opposes the motion on the grounds that the present bankruptcy case was filed in bad faith to stymie her efforts to be made whole.

The Bankruptcy Code, at § 362(c)(3)(C)(i)(II)(cc), provides that a bankruptcy case filed by a debtor whose previous case was pending within the preceding year but was dismissed for failure to make plan payments is presumptively not filed in good faith as to the creditors stayed. The debtor may rebut this presumption by clear and convincing evidence that there has been a substantial change in the debtor's financial or personal affairs since the dismissal of the previous case or that there is reason to conclude that the present case will be concluded with a confirmed plan that will be fully performed. § 362(c)(4)(D)(i)(III).

Under the "clear and convincing" standard,

the evidence must "place in the ultimate factfinder an abiding conviction that the truth of [the proponent's] factual contentions are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316, 104 S. Ct. 2433, 81 L. Ed. 2d 247 (1984) (quotation omitted). The evidence must be "'so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261, 285 n.11, 110 S. Ct. 2841, 111 L. Ed. 2d 224 (1990) (quoting In re Jobes, 108 N.J. 394, 529 A.2d 434, 441 (1987)).

In re Kurtzahn, 337 B.R. 356, 366 (Bankr. D. Minn. 2006); see also Cornell v. Nix, 119 F.3d 1329, 1334-35 (8th Cir. 1997) (same)).

The "clear and convincing" standard of proof is an intermediate standard, Cruzan, 497 U.S. at 282, higher than "preponderance of the evidence" but not as high as "beyond a reasonable doubt." Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995).

To determine whether the debtor has rebutted the § 362(c)(3)(C) presumption, the court looks at the totality of the circumstances, Marshall v. McCarty (In re Marshall), 407 B.R. 359, 362 (B.A.P. 8th Cir. 2009), focusing on whether the debtor has remedied the problem which caused the dismissal of the prior case. Levens, 2007 WL 609844, at *5.

The probability of success of Debtor's plan is the most important factor in determining good faith. In re Carr, 344 B.R. 776, 781 (Bankr. N.D. W. Va. 2006). A debtor's failure to establish as a matter of fact that her plan is feasible may support a finding of lack of good faith, particularly where that failure occurs in a second or third bankruptcy case commenced by the same debtor in which the same objecting creditor's interests are implicated. In re Kurtzahn, 337 B.R. 356, 364-65 (Bankr. D. Minn. 2006). See also Educ. Assistance Corp. v. Zellner, 827 F.2d 1222, 1227 (8th Cir. 1987) (good faith in Chapter 13 involves factors such as accurately stating debts and expenses, not misleading the bankruptcy court, and not unfairly manipulating the Bankruptcy Code).

In re Morales, 366 B.R. 919, 922 (Bankr. D. Neb. 2007).

In this case, the only evidence to rebut the presumption is the debtors' affidavit, in which they state that post-petition claims, including Ms. Joshi's, caused harassment and anxiety that affected Mr. Magni's ability to work and caused them to fall behind on their plan payments and ultimately to dismiss the case. Without the distraction of the Joshi lawsuit, the debtors say, they are willing and able to meet their financial obligations in this bankruptcy case.

No schedules or plan of reorganization have yet been filed in this case, so the debtors' circumstances or any change therein are difficult to determine. For that reason, the debtors' motion will be deferred until those documents are filed and the court has had an opportunity to review them. The automatic stay will remain in effect pending further order.

IT IS ORDERED: The debtors' motion to extend the automatic stay (Fil. No. 3) is deferred until they file their schedules and proposed plan. The automatic stay remains in place until the motion is ruled on.

DATED:        December 7, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
*Trinh P. Tran
Paul LaPuzza
Angela Burmeister
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.